Opinion issued July 2, 2009
 





    








In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00578-CV
____________

LARRY E. POTTER, Appellant

V.

CLEAR CHANNEL OUTDOOR, INC., Appellee




On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2005-66527



 
MEMORANDUM OPINION
          Appellant, Larry E. Potter, appeals a judgment rendered upon a motion for
summary judgment filed by appellee, Clear Channel Outdoor, Inc. (“Clear Channel”),
in a dispute concerning the construction of lease agreements. We determine whether
the trial court erred in granting Clear Channel’s motion for traditional summary
judgment and in denying Potter’s motion for traditional summary judgment. We
reverse the trial court’s judgment in part, affirm the judgment in part, and remand this
cause with instructions. Background 
          In 1997, National Advertising Company (“National”), a predecessor in interest
to Clear Channel, and Potter executed 10 identical


 ground leases, six of which are
the subject of this appeal. The leases were for a 10-year term, with an effective
starting date of August 1, 1995. Pursuant to each lease, National was permitted to
erect billboard signs on tracts of land belonging to Potter in exchange for the greater
of a fixed monthly rental or a percentage of the gross income that National derived
from selling advertising space on the billboard signs. Under paragraph nine of each
lease, “at the termination of the lease,” National had a “right of first refusal” to
continue to rent the land if Potter chose further to rent or to use his land for outdoor
advertising. This right expired one month “after the lease expire[d].” Paragraph three
of each lease also gave National, under certain conditions, the right to “terminate this
lease” and provided Potter the option to purchase the entire sign structures and
permits from National “[i]n the event of such cancellation or in the event this lease
is terminated for any reason and the parties have not executed a new lease or renewal
of this Lease.” 
          During the term of the leases, Clear Channel purchased six signs from a
predecessor outdoor advertising company, and those six leases were assigned to Clear
Channel.


 Clear Channel did not succeed in contacting Potter regarding renewal of
its leases before their expiration date of July 31, 2005. On August 1, 2005, Clear
Channel sent the usual lease payments to Potter, but Potter returned the checks by a
letter dated August 25, 2005, in which he noted that Clear Channel’s leases had
expired by their own terms on July 31, 2005, and that he was “declining to extend the
ground leases for an additional one (1) year term on a holdover basis.” On August
25, 2005, a representative of Clear Channel reached Potter, and they discussed
renewing the leases. On August 29, 2005, Potter forwarded proposed renewal leases
to Clear Channel, which Clear Channel received the following day. On September
1, 2005, Potter sent Clear Channel a letter informing Clear Channel that he intended
to exercise his right to purchase the sign structures and permits, with the purchase
price to be decided pursuant to the “terms of the ground lease.” 
          After receiving Potter’s September 1 letter, Clear Channel’s attorney sent a
letter to Potter detailing Clear Channel’s position that, because its leases had not
“terminated, but rather [had] expired,” paragraph three of the leases did not provide
Potter the option to purchase the sign structures, and stating also that Clear Channel
was declining Potter’s offer to purchase the signs.


 The letter also recited that Clear
Channel was willing to continue discussions with Potter to execute new leases or to
renew the prior leases, as had already been communicated to Potter on August 30, but
that if a new lease agreement was not reached by October 20, 2005, Clear Channel
would begin removing the sign structures. Clear Channel continued to attempt to
negotiate renewal leases with Potter after this letter, but expressed to Potter that it had
problems with the language of the proposed renewal leases, and suggested alternate
terms. 
          On October 18, 2005, Potter filed suit against Clear Channel. Potter sought (1)
a temporary restraining order, temporary injunction, and permanent injunction
preventing Clear Channel from removing the billboards; (2) a judgment in the amount
equal to the fair market value for the use of the billboards on his properties beyond
the contractual period under the theory of quantum meruit; and (3) a declaratory
judgment that Clear Channel had exercised its right of first refusal under paragraph
nine by declining to accept the terms of Potter’s proposed renewal leases and that
Potter was therefore entitled to exercise his right to purchase the entire sign structures
and permits from Clear Channel for the current market value of an installed fabricated
structure. He also prayed for recovery of his attorney’s fees and costs. 
          Clear Channel filed an answer that generally denied the allegations in Potter’s
petition, raised the affirmative defenses of waiver and ambiguity, and contained a
counterclaim for declaratory judgment. In its counterclaim, Clear Channel sought
declarations (1) that in order for the option to purchase under paragraph 3 to become
effective, the lease must have “actually been terminated”; (2) that the leases had not
terminated, but had expired; and (3) that therefore Potter did not have an option to
purchase the signs. It also sought to recover its attorney’s fees and costs. 
          Potter filed a motion for traditional summary judgment on his declaratory
judgment claim only; while that motion was still pending, Clear Channel filed its own
motion for summary judgment that also addressed only the declaratory judgment
claims. Neither motion addressed the quantum meruit claim in Potter’s petition, and
Clear Channel’s motion did not address Potter’s claim for attorney’s fees and costs.



          Potter’s motion for traditional summary judgment sought declarations that
(1) Clear Channel had exercised its right of first refusal by rejecting Potter’s proposed
lease agreement and (2) Potter was entitled to exercise his option to purchase sign
structures and permits from Clear Channel. As grounds for his motion, Potter argued
that
(1)     Clear Channel’s rejection of the terms of Potter’s proposed
renewal lease agreements was an exercise of its right of first
refusal under paragraph nine of the leases and Clear Channel
could no longer accept Potter’s offer to extend the lease
agreements and
 
(2)     Potter was entitled to exercise his right to purchase the entire sign
structures and permits pursuant to the terms of paragraph three of
the Leases, because such paragraph gave him the option to
purchase “in the event [that the] lease [was] terminated for any
reason and the parties [had] not executed a new lease or renewal
of the lease.” Potter asserted that because the leases had expired
and there were no new leases or renewal of the prior leases
between the parties, his option to purchase became effective. 
          
In addition to a declaratory judgment in his favor, Potter sought recovery of his
attorney’s fees and costs.          
          In its motion for traditional summary judgment, Clear Channel also pursued a
judicial declaration interpreting paragraph three of the leases. Clear Channel’s
motion did not specify whether Clear Channel was moving for summary judgment on
its declaratory judgment counterclaim, or attempting to defeat Potter’s declaratory
judgment claim, or both, although language in the motion suggested the last.


 As its
grounds for the grant of its summary judgment, Clear Channel argued that
          (1)     the Leases were not ambiguous and Potter had no effective option
to purchase because the leases had “expired,” rather than
“terminated,” and paragraph three provided Potter the option to
purchase only upon the “termination” of the lease
 
          (2)     alternatively, the leases were ambiguous and should be construed
against Potter and the leases should be construed to mean that the
option to purchase did not arise in the event of the expiration of
the leases, but only on their termination; and 
 
          (3)     alternatively, Potter had waived any option to purchase because
discussions continued between Potter and Clear Channel about
possible renewal of the leases after Potter had attempted to
exercise his option to purchase.
 
          Clear Channel prayed that summary judgment be granted “on all grounds
stated” in the motion, that Potter “take nothing on his claim against Clear Channel,”
and that the court award Clear Channel its costs of court and reasonable attorney’s
fees. Clear Channel also prayed that, “if summary judgment for Clear Channel [was]
not rendered as to all of Clear Channel’s claims, or for all the relief requested,” the
trial court enter an order specifying the facts that were without substantial
controversy. 
          On June 18, 2007, the trial court granted Clear Channel’s motion for summary
judgment and denied Potter’s motion for summary judgment in an order that read: On this day came to be considered Plaintiff Larry E. Potter’s Motion for
Summary Judgment and Defendant Clear Channel Outdoor, Inc.’s
Cross-Motion for Summary Judgment. The court, having considered the
motion, pleadings, responses, and summary judgment evidence hereby
DENIES Plaintiff’s Motion for Summary Judgment and GRANTS
Defendant’s Cross-Motion for Summary Judgment.
 
It is therefore ORDERED that Plaintiff’s Motion for Summary Judgment
is DENIED and Defendant’s Cross-Motion for Summary Judgment is
GRANTED. 
 
           On August 14, 2007, the trial court issued a final judgment, confirming the
grant of Clear Channel’s motion and the denial of Potter’s motion, and denying Clear
Channel’s request for attorney’s fees. The judgment read:
By Order dated June 18, 2007, the Court denied Plaintiff Larry E.
Potter’s Motion for Summary Judgment and granted Defendant Clear
Channel Outdoor, Inc.’s Cross-Motion for Summary Judgment. In
doing so, the Court failed to address Clear Channel’s request for an
award of attorney’s fees. Accordingly, it is
 
ORDERED that Defendant Clear Channel Outdoor, Inc.’s request for an
award of attorney’s fees is hereby denied.
 
This is a final and appealable judgment, which, in conjunction with the
Court’s order of June 18, 2007, disposes of all claims and parties in this
cause.



 
 Standard of Review
          In two issues, Potter contends that the trial court erroneously granted Clear
Channel’s motion for summary judgment and erroneously denied his motion for
summary judgment.
            Both parties’ motions sought summary judgments that would declare the
parties’ rights pursuant to the declaratory judgment actions.


 We review declaratory
judgments under the same standards as other judgments. See Tex. Civ. Prac. & Rem.
Code Ann. § 37.010 (Vernon 2008). We look to the procedure used to resolve the
issue below to determine the standard of review on appeal. City of Galveston v. Tex.
Gen. Land Office, 196 S.W.3d 218, 221 (Tex. App.—Houston [1st Dist.] 2006, pet.
denied). When a trial court resolves a declaratory judgment action on competing
motions for summary judgment, “we review the propriety of the declaratory judgment
under the same standards that we apply in reviewing a summary judgment.” Id. 
          We review a trial court’s decision to grant or to deny a motion for summary
judgment de novo. See Tex. Mun. Power Agency v. Pub. Util. Comm’n of Tex., 253
S.W.3d 184, 192, 199 (Tex. 2007) (citing rule for review of grant of summary
judgment and reviewing denied cross-motion for summary judgment under same
standard). Although a denial of summary judgment is not normally reviewable, we
may review such a denial when both parties move for summary judgment and the trial
court grants one motion and denies the other. Id. at 192. When the trial court’s ruling
granting one summary judgment motion necessarily denies another pending motion
for summary judgment on the same issue, such as here, we imply the ruling of denial. 
See Frank’s Int’l, Inc. v. Smith Int’l, Inc., 249 S.W.3d 557, 559 n.2 (Tex.
App.—Houston [1st Dist.] 2008, no pet.). In our review of such cross-motions, we
review the summary judgment evidence presented by each party, determine all
questions presented, and render the judgment that the trial court should have
rendered. Tex. Mun. Power Agency, 253 S.W.3d at 192 (citing Comm’rs Court v.
Agan, 940 S.W.2d 77, 81 (Tex. 1997)). 
          Under the traditional summary judgment standard, the movant has the burden
to show that no genuine issues of material fact exist and that it is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690
S.W.2d 546, 548 (Tex. 1985). In deciding whether there is a disputed material fact
issue precluding summary judgment, evidence favorable to the non-movant will be
taken as true, and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Nixon, 690 S.W.2d at 548–49. A
defendant moving for summary judgment must conclusively negate at least one
essential element of each of the plaintiff’s causes of action or conclusively establish
each element of an affirmative defense. Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997). If the order granting the summary judgment does not specify
the grounds upon which judgment was rendered, we must affirm the summary
judgment if any of the grounds in the summary judgment motion is meritorious. FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).
Clear Channel’s Motion for Summary Judgment
          Potter’s first issue complains of the trial court’s grant of Clear Channel’s
motion for summary judgment. Potter challenges all three of Clear Channel’s
grounds for summary judgment, arguing that the trial court incorrectly interpreted the
leases and that he did not waive his right to exercise his option to purchase. 
A.      Construction of the Leases
          Clear Channel’s first two grounds for summary judgment related to the
construction of the leases and specifically to the question of whether the phrase, 
. . . [i]n the event of such cancellation or in the event this lease is
terminated for any reason and the parties have not executed a new lease
or renewal of this Lease, [Potter] shall have the option to purchase the
entire sign structure and permits from [National (later, Clear Channel)]
. . .
 
that is contained in paragraph three of the leases provided Potter an option to
purchase the sign structures and permits when the lease terms expired. Clear Channel
argued that the word “terminated” did not include the expiration of a lease. Potter
argued that the phrase “terminated for any other reason” included the expiration of
the leases at the end of their natural terms.
          We construe a lease under the well-established rules of contract construction. 
See Luccia v. Ross, 274 S.W.3d 140, 146 (Tex. App.—Houston [1st Dist.] 2008, pet.
denied). In construing a written contract, the primary concern is to ascertain and to
give effect to the parties’ intentions as expressed in the document. Frost Nat’l Bank
v. L&F Distribs., Ltd., 165 S.W.3d 310, 311–12 (Tex. 2005). We consider the entire
writing and attempt to harmonize and to give effect to all of the provisions of the
contract by analyzing the provisions with reference to the whole agreement. Id. at
312. No single provision is given controlling effect. J.M. Davidson, Inc. v. Webster,
128 S.W.3d 223, 229 (Tex. 2003). “In harmonizing these provisions, terms stated
earlier in an agreement must be favored over subsequent terms.” Coker v. Coker, 650
S.W.2d 391, 393 (Tex. 1983). We construe contracts “from a utilitarian standpoint
bearing in mind the particular business activity sought to be served” and “will avoid
when possible and proper a construction which is unreasonable, inequitable, and
oppressive.” Frost Nat’l Bank, 165 S.W.3d at 312 (quoting Reilly v. Rangers Mgmt.,
Inc., 727 S.W.2d 527, 530 (Tex. 1987)). If, after the pertinent rules of construction
are applied, the contract can be given a definite or certain legal meaning, it is
unambiguous, and we construe it as a matter of law. Id. 
          Both parties agree that the leases had expired, and that the parties had not
executed new leases or a renewal of the leases, when Potter informed Clear Channel
that he was exercising his option to purchase the sign structures and permits under the
terms of the leases. Both parties assert that paragraph three of the leases, pertaining
to such option to purchase, is unambiguous, although they construe the provision
differently.


 
          We agree that the disputed language is unambiguous and so determined
recently in another appeal before us involving three additional leases between Potter
and National, containing identical language and executed on the same day as the
leases at issue in this appeal.


 In National Advertising Co. v. Potter, we decided that
language identical to that before us in this appeal provided Potter the option to
purchase sign structures and permits when the leases expired at the end of their
natural terms. See No. 01-06-01042-CV, 2008 WL 920338, at *5–7 (Tex.
App.—Houston [1st Dist.] Apr. 3, 2008, pet. denied) (memo op.). We held that the
leases were not ambiguous and that the word “terminate,” as used in the leases,
included the expiration of the lease term. Id. at *6–7. In so holding, we explained
that          [e]xamining paragraph three and giving its terms their generally
accepted meaning, it is clear that the parties intended that, in the event
that a specific sign or location became useless by the occurrence of one
of various specified situations, National was granted the right to
immediately terminate its Lease of the specific location. Paragraph three
grants Potter the option to purchase the sign structures and permits from
National, “[i]n the event of such cancellation.” (Emphasis added.) 
 
          However, paragraph three contemplates a second situation in
which Potter is granted the option to purchase the signs and permits
from National: “in the event this lease is terminated for any reason and
the parties have not executed a new lease or renewal of this Lease.” 
Paragraph three also governs in the event that the Leases are terminated
“for any reason” and the parties do not execute a new lease or a
“renewal.” Use of the term “renewal” naturally contemplates an
expiration. That the parties could have intended the circumstance in
which one party prematurely terminates the Lease and then “renews” it
is not a reasonable interpretation. Hence, the parties must have intended
“terminated,” as used within the Leases, to include expiration . . . . The
term[] “terminated”. . . include[s] the expiration of the Leases on their
natural terms . . . .          
Id.
          
          Clear Channel contends that there are material differences between National
Advertising and this cause and cites to different evidence before the trial court in the
motions for summary judgment at issue and the fact that, in National Advertising, the
parties presented an agreed statement of facts and filed an agreed motion for
judgment based on the agreed facts. Clear Channel argues that extrinsic evidence
presented to the trial court in this cause—evidence related to the negotiations in the
original signing of the leases in 1997 and to the attempts to renew the leases in
2005—supports upholding the trial court’s ruling, even though such ruling implicitly
construes the contract contrary to our interpretation of the same language in National
Advertising. Clear Channel further argues that it is proper for us to consider the
“circumstances surrounding the execution of an unambiguous contract” when
interpreting that contract, citing to City of Pinehurst v. Spooner Addition Water Co.,
432 S.W.2d 515 (Tex. 1968). 
          Clear Channel has misconstrued the holding of Pinehurst. A reviewing court
may consider the surrounding circumstances


 present at the time that the contract was
entered into in order to determine whether the contract is ambiguous, but, once a
reviewing court decides that a contact is unambiguous, extrinsic evidence may be not
be utilized to determine the parties’ intent. See Nat’l Union Fire Ins. Co. v. CBI
Indus., Inc., 907 S.W.2d 517, 520–22 (Tex. 1995); Sun Oil Co. (Delaware) v.
Madeley, 626 S.W.2d 726, 731–32 (Tex. 1981). Because we have determined that
the language at issue is unambiguous, we do not consider the proffered extrinsic
evidence in interpreting the unambiguous language of the leases at issue.


 
          After reviewing the summary judgment motions and responses in this case, and
the accompanying evidence to the extent that it may be considered, we determine that
our previous interpretation of the same language, in identical leases, signed by the
same parties, on the same day, should govern our interpretation of the leases before
us in this appeal. We conclude, for the reasons set out in our opinion in National
Advertising, that paragraph three of the leases is not ambiguous and declare that,
under its terms, Potter had an option to purchase the entire sign structure and permit
which was the subject of each lease upon the expiration of the lease term. 
B.      Waiver
          Clear Channel’s final ground for summary judgment was its affirmative
defense that, if Potter had an effective option to purchase, he had waived that option
because discussions continued between Potter and Clear Channel about possible
renewal of the leases after the date that the leases expired and after the date on which
Potter had attempted to exercise his option to purchase. As evidence for this ground,
Clear Channel cited its own attempts to contact Potter in order to renew the leases,
Potter’s August 29 forwarding of proposed renewal leases in response to Clear
Channel’s overture to Potter on August 25, and a September 30 email from a
representative of Clear Channel to Potter, in which the representative mentioned
speaking to Potter and proposed certain terms for renewal of the leases. 
          “The affirmative defense of waiver can be asserted against a party who
intentionally relinquishes a known right or engages in intentional conduct
inconsistent with claiming that right.” Tenneco, Inc. v. Enter. Prods. Co., 925
S.W.2d 640, 643 (Tex. 1996).   In order to be entitled to a summary judgment on
waiver, Clear Channel had to establish conclusively each element of this affirmative
defense. See Sci. Spectrum, 941 S.W.2d at 911. Therefore, Clear Channel was
required to establish conclusively that Potter had either (1) expressly waived his
option to purchase or (2) engaged in conduct inconsistent with his option to purchase. 
See Tenneco, 925 S.W.2d at 643. 
          Clear Channel did not do so. There is no evidence in the record that Potter
expressly waived his option to purchase, and the evidence offered on this matter does
not conclusively establish an implied intent on the part of Potter to waive his option
to purchase. “Waiver is largely a matter of intent, and for implied waiver to be found
through a party’s actions, intent must be clearly demonstrated by the surrounding
facts and circumstances.” Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex. 2003). In
order to establish waiver by conduct, the conduct must be “unequivocally
inconsistent” with claiming a known right. Van Indep. Sch. Dist. v. McCarty, 165
S.W.3d 351, 353 (Tex. 2005). The evidence on summary judgment does not
conclusively establish that Potter engaged in “clear, unequivocal, and decisive acts”
evidencing the intention to waive his option to purchase. See Estes v. Wilson, 682
S.W.2d 711, 714 (Tex. App.—Fort Worth 1984, writ ref’d n.r.e.) (“It is an established
rule of law that to prove an implied waiver of a legal right, there must be a clear,
unequivocal and decisive act of a party showing a purpose or acts which amount to
estoppel on his part.”). We hold that Clear Channel did not meet its burden to be
entitled to summary judgment on the affirmative defense of waiver.



C.      Resolution
          Having concluded that, under the unambiguous language of paragraph three of
the leases, Potter had an option to purchase the entire sign structure and permit that
was the subject of each lease upon the expiration of the lease term, and, having
determined that Clear Channel did not conclusively establish that Potter waived his
option to purchase the sign structures and permits, we hold that Clear Channel was
not entitled to the summary judgment requested. We sustain Potter’s first issue. 
Potter’s Motion for Summary Judgment
          In his second issue, Potter asserts that the trial court erred in denying his
motion for summary judgment. As previously detailed, in his summary judgment
motion, Potter sought two declarations from the trial court: (1) that Clear Channel had
exercised its right of first refusal by rejecting Potter’s proposed lease agreement and
(2) that Potter was entitled to exercise his option to purchase sign structures and
permits from Clear Channel. He also sought attorney’s fees. 
          We have already determined that the leases provided Potter an option to
purchase the sign structures and permits upon the expiration of the leases,and,
therefore, we hold that Potter was entitled to summary judgment declaring that he had
such an option. Our resolution of Potter’s other question in his declaratory judgment
action—whether Clear Channel had exercised its right of first refusal—is likewise
guided by our opinion in National Advertising. In that case, when deciding whether
National had exercised its right of first refusal under an identical paragraph nine as
in the leases before us, we stated, “Here, National declined to renew the Leases on the
terms offered by Potter in his August 25, 2005 correspondence. Hence, National
exercised its right of first refusal when it rejected Potter’s offer.” Nat’l Adver., 2008
WL 920338, at *4. For the same reasons stated in that opinion, we declare that Clear
Channel exercised its right of first refusal when it declined to renew the leases under
the terms offered by Potter to Clear Channel in the letter mailed on August 29, 2005.
          However, as to the issue of attorney’s fees, Potter’s summary judgment sought
recovery of his attorney’s fees and costs for both the declaratory judgment claim and
his quantum meruit claim,


 and the evidence provided to the trial court did not
distinguish between fees related to each distinct claim.


 Potter may not recover
attorney’s fees and costs for the quantum meruit claim on which he did not prevail or
recover damages. See Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997).
Additionally, any “award [of] costs and reasonable and necessary attorney’s fees as
are equitable and just” in a declaratory judgment action is within the discretion of the
trial court. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008).           The trial court presumably did not award attorney’s fees or costs to Potter
because it denied his motion for summary judgment on his declaratory judgment
claim. Because we have reversed the trial court’s denial of Potter’s summary
judgment, because we have declared in his favor the issues before the trial court for
declaratory judgment, and because any award for costs and reasonable and necessary
attorney’s fees “as are equitable and just” in a declaratory judgment action is
discretionary, we conclude that cause should be remand to the trial court for it to
consider the issue of Potter’s attorney’s fees and costs on his declaratory judgment.
          We sustain Potter’s second issue. 
Conclusion
          We reverse the trial court’s judgment in part, affirm the judgment in part, and
remand this cause with instructions. We reverse the judgment to the extent that it
rendered summary judgment for Clear Channel and implicitly granted a declaratory
judgment for Clear Channel. We affirm the judgment to the extent that it implicitly
rendered a take-nothing judgment against Potter on his quantum meruit claim. We
remand this cause to the trial court with instructions to render a declaratory judgment
in favor of Potter consistent with this opinion and to consider Potter’s request for the
award of attorney’s fees and costs under Texas Civil Practice and Remedies Code
section 37.009. See Tex. Civ. Prac. & Rem. Code Ann. § 37.009. 



                                                                        Tim Taft
Justice
 

Panel consists of Chief Justice Radack and Justices Sharp and Taft.